UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH HILL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>D. FIELDS, et al.,<br><br>　　　　Defendants. | No. 2:20-cv-02418 TLN DB P<br><br><br><br>ORDER |

Plaintiff, an inmate proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff claims defendants violated his Eighth Amendment rights through deliberate indifference to his safety. Before the court is plaintiff's motion to proceed in forma pauperis (ECF No. 5) and his complaint for screening (ECF No. 1). For the reasons stated below, the court will deny plaintiff's motion to proceed in forma pauperis and direct him to file an updated IFP application. Additionally, plaintiff will be given the option to either proceed on the cognizable claims in his complaint or to submit an amended complaint.

////

////

////

////

////

**IN FORMA PAUPERIS**

Plaintiff has submitted an application to proceed in forma pauperis ("IFP") in this case. (ECF No. 5.)

While he was incarcerated, plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). (Id.) However, plaintiff's change of address filed on December 28, 2020, indicates that plaintiff is no longer incarcerated. (ECF No. 6.) If plaintiff still wishes to proceed IFP, he must submit an updated application under § 1915(a)(1). See DeBlasio v. Gilmore, 315 F.3d 396, 398 (4th Cir. 2003); Adler v. Gonzalez, No. 1:11-cv-1915-LJO-MJS (PC), 2015 WL 4041772, at *2 (E.D. Cal. July 1, 2015), report and reco. adopted, 2015 WL 4668668 (E.D. Cal. Aug. 6, 2015).

Plaintiff will be ordered to submit an updated application to proceed IFP or pay the filing fee within thirty days.

**SCREENING**

**I.     Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what

the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II. Linkage Requirement

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in Section 1983 suits). Since a government official cannot be held liable under a theory of vicarious liability in Section 1983 actions, plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions by linking each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. Id. at 676.

## III. Allegations in the Complaint

Plaintiff states that, at all relevant times, he was a prisoner at California State Prison, Sacramento ("SAC"). (ECF No. 1 at 5.) Plaintiff names California Department of Corrections and Rehabilitation ("CDCR") correctional officers D. Fields and M. Scriver as defendants. (Id.)

Plaintiff alleges that on February 15, 2019, defendants transported plaintiff to SAC after a court appearance. (Id.) Defendant Fields placed plaintiff and another inmate, Carter, in the "cargo area" of a CDCR van. (Id.) The cargo area contained milk crates and inmate "bedrolls" but no seating. (Id. at 6.) Due to a lack of seating, plaintiff "was forced to stand, while stooped over at the waist." (Id.) Plaintiff's hands were handcuffed behind his back while he was being transported. (Id.) Defendants denied plaintiff's request to use a seat equipped with a seatbelt further forward in the vehicle, telling plaintiff "it's a security thing." (Id.)

When the van began to move, plaintiff fell backward onto an empty milk crate. (Id. at 6-7.) As his hands were handcuffed behind his back, plaintiff "struggled to free himself from the milk crate." (Id. at 7.) Plaintiff observed defendants "both look back and begin to laugh at him

4

being stuck in the milk crate." (Id.) Defendant Fields said to defendant Scriver "watch this." (Id.) Defendant Fields then stopped the van by "intentionally slamming on the brakes again tossing plaintiff to his side, as he struggled to free himself from the milk crate." (Id.) Defendants were aware that "plaintiff and Carter were restrained in handcuffs, behind their back, and unable to protect themselves from injury during this transportation." (Id.) After arriving at SAC, defendants did not ask plaintiff if he was injured or summon medical staff to examine the plaintiff. (Id.)

The night after being transported, plaintiff could not sleep due to "aches and pains in his lower back and shoulders he believe [sic] was caused by the fall in the van and his struggles to free himself from the milk crate." (Id.) The fall also "aggravated old injuries" in the plaintiff's shoulder and back. (Id.) The following morning, plaintiff requested medical treatment and was prescribed medication for pain and inflammation. (Id. at 7-8.) Plaintiff was later prescribed a higher dose of pain medication and given a medical chrono stating he should be placed in waist-chain handcuffs during transport. (Id. at 8.)

### IV. Does Plaintiff State a Claim under § 1983?

#### A. Legal Standards under the Eighth Amendment

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319.

#### B. Failure to Protect

Prison officials have a duty "to take reasonable measures to guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners." Labatad v. Corrections Corp. of America, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing Farmer v. Brennan, 511 U.S. 825, 832-33 (1994) and Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005)). To

establish a violation of this duty, a prisoner must "show that the officials acted with deliberate indifference to threat of serious harm or injury to an inmate." Labatad, 714 F.3d at 1160 (citing Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002)).

A failure to protect claim under the Eighth Amendment requires a showing that "the official [knew] of and disregard[ed] an excessive risk to inmate... safety." Farmer, 511 U.S. at 837. "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, . . . and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." Id. at 842 (citations omitted). The duty to protect a prisoner from serious harm requires that prison officials take reasonable measures to guarantee the safety and well-being of the prisoner. Id. at 832-33; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). As "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment," plaintiff must allege facts showing the defendant acted with a "sufficiently culpable state of mind." Wilson, 501 U.S. at 297 (internal quotations marks, emphasis, and citations omitted).

### C. Analysis

Plaintiff alleges that defendants Fields and Scriver were deliberately indifferent to plaintiff's safety and failed to protect him while transporting him from a court appearance. (ECF No. 1 at 8.)

#### 1. Defendant Fields

Plaintiff has alleged sufficient facts to state a claim against defendant Fields for deliberate indifference to plaintiff's safety.

Under the facts alleged, defendant Fields was aware plaintiff was at risk of injury due to his lack of seat and seatbelt. Defendant Fields escorted plaintiff to the CDCR van and placed the plaintiff in the cargo area knowing that plaintiff's hands were handcuffed and that there were no seats or seatbelts available in this location. (Id. at 6.) Defendant Fields was also aware that plaintiff had fallen and was attempting to free himself from the milk crate when defendant Fields "slammed on the brakes." (Id. at 7.) These allegations are sufficient to satisfy the knowledge

////

6

1    requirement as, under these facts, defendant Fields was aware there existed a substantial risk to
2    plaintiff's safety.  Farmer, 511 U.S. at 842.

3        The allegations in the complaint also satisfy the state of mind requirement as they are
4    sufficient to support a claim that defendant Fields acted with deliberate indifference.  Plaintiff
5    claims that defendant Fields placed him in the cargo area without a seatbelt despite plaintiff's
6    request for one, laughed at plaintiff when he fell, and "slammed on the brakes" while plaintiff
7    was in a compromised position "in an attempt to keep Def. Scriver laughing."  (ECF No. 1 at 6-
8    7.)  Taking these allegations as true, defendant Fields' actions are sufficient to support a finding
9    that he acted with deliberate indifference to plaintiff's safety. Wilson, 501 U.S. at 297; See Bulkin
10   v. Ochoa, 2016 WL 7159286, at *7 (E.D. Cal. 2016) (denying a motion for summary judgment as
11   plaintiff had put forth evidence of defendant's state of mind by showing, among other things, that
12   defendant had denied plaintiff access to a seatbelt and driven recklessly while laughing at the
13   plaintiff).

14       As such, plaintiff alleges sufficient facts in the complaint to state a cognizable claim
15   against defendant Fields under the Eighth Amendment for failure to protect the plaintiff.

16       **2.  Defendant Scriver**

17   Plaintiff does not allege sufficient facts to state an Eighth Amendment failure to protect
18   claim against defendant Scriver.

19       The allegations in the complaint related to defendant Scriver do not satisfy the linkage
20   requirement.  See Jones, 297 F.3d at 934.  The complaint states that defendant Fields placed
21   plaintiff in the cargo area of the CDCR van without a seat or seatbelt.  (ECF No. 1 at 6.)  It also
22   states that defendant Fields was driving the van when plaintiff was injured.  (Id. at 7.)  Plaintiff
23   does not claim defendant Scriver was involved in plaintiff's placement in a potentially unsafe
24   location in the van or in the subsequent driving which allegedly injured plaintiff.  (See Id. at 6-7.)
25   The only act attributed to defendant Scriver individually is laughing when plaintiff first fell.
26   (ECF No. 1 at 7.)  This allegation is insufficient to establish defendant Scriver took any action
27   which deprived plaintiff of his rights.  Iqbal, 556 U.S. at 676.  Plaintiff also vaguely states that
28   defendants "Fields and Scriver denied plaintiff's request to be 'seat-belted' on a passenger seat

7

bench" (Id. at 6) but plaintiff fails to identify what defendant Scriver and defendant Fields individually did to deny plaintiff's request for a seatbelt. Iqbal, 556 U.S. at 676.

Additionally, plaintiff has not alleged any facts that show defendant Scriver had any knowledge that defendant Fields would brake after plaintiff had fallen. As such, plaintiff has not alleged facts sufficient to show defendant Scriver was aware of a risk to plaintiff's safety. Farmer, 511 U.S. at 842.

Given the above, the complaint fails to state a cognizable failure to protect claim under the Eighth Amendment against defendant Scriver. Plaintiff will be given the option to amend his complaint. Should plaintiff elect to amend the complaint, he must identify the specific acts or omissions that a defendant took which violated his constitutional rights. Id., see Ortez, 88 F.3d at 809.

## AMENDING THE COMPLAINT

This court finds above that plaintiff's complaint states cognizable claims against defendant Fields for deliberate indifference to plaintiff's safety in violation of his Eighth Amendment rights. However, plaintiff fails to state a cognizable deliberate indifference claim against defendant Scriver.

Plaintiff will be given the option to proceed on his cognizable claims against defendant Fields or to file an amended complaint to state claims against defendant Fields, defendant Scriver, or any other defendant. Any amended complaint must be complete in itself. The court cannot refer to a prior complaint to understand the plaintiff's claims.

If plaintiff chooses to file an amended complaint, he must address the problems with his complaint that are explained above. In an amended complaint plaintiff must clearly identify the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support

////

of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (stating that a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act, or omits to perform an act he is legally required to do that causes the alleged deprivation). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself, without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleading is superseded. By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule, the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

////

# CONCLUSION

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 5) is denied.
2. Within 30 days of the date of this order, plaintiff shall either:
   a. Submit an updated application to proceed IFP in accordance with 28 U.S.C. 1915(a)(1); or
   b. Pay the $402 filing fee in full.
3. Plaintiff states a cognizable Eighth Amendment claim against defendant D. Fields for deliberate indifference to plaintiff's safety.
4. All other claims in the plaintiff's complaint are dismissed with leave to amend.
5. Plaintiff may choose to proceed on his cognizable claims set out above or he may choose to amend his complaint.
6. Within thirty (30) days of the date of this order plaintiff shall notify the court of how he wishes to proceed. Plaintiff may use the form included with this order for this purpose.
1. Plaintiff is warned that his failure to comply with this order will result in a recommendation that this action be dismissed.

DATED: August 19, 2021

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil.Rights/S/hill2418.scrn

10

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH HILL,<br><br>          Plaintiff,<br><br>    v.<br><br>D. FIELDS, et al.,<br><br>          Defendants. | No.  2:20-cv-02418 TLN DB P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

Check one:

_____ Plaintiff wants to proceed immediately on his Eighth Amendment deliberate indifference to safety claim against defendant D. Fields.  Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing all other claims and defendants.

_____ Plaintiff wants to amend the complaint.

DATED:_____

                                                              Kenneth Hill
                                                              Plaintiff pro se